# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tykeem Kalani May, | ) | Case No. 5:22-cv-417-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Warden of Goodman Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 39) recommending that Respondent's motion for summary judgment be granted because the Petitioner's habeas petition was not filed within the one-year statute of limitations period required under 28 U.S.C. § 2244(d)(1). (Dkt. No. 28). Petitioner has filed objections to the R & R, arguing that the statute of limitations should be equitably tolled. (Dkt. No. 41). For reasons set forth below, the Court adopts the R & R of the Magistrate Judge as the Order of the Court, Respondent's motion for summary judgment is granted, and the Petition is denied.

**I.   Legal Standards**

  **a.   Pro Se Pleading Standard**

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or

extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088 (1986).

### b. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### c. Statute of Limitations and Equitable Tolling

An application for habeas relief under 28 U.S.C § 2254 must be submitted within one year of the completion of direct review of a defendant's state conviction, with the statute of limitations tolled during the processing of a properly filed application of state post conviction relief. 28 U.S.C. 2244(d)(1), (2). The period between the completion of a defendant's state direct appeal and the filing of his application for state post conviction relief counts toward the one-year limitation period. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

The one-year limitation period is also subject to equitable tolling under certain very limited circumstances, upon a showing by the petitioner that his federal habeas petition was delayed due to (1) extraordinary circumstances; (2) beyond his control or external to his own conduct; and (3)

which prevented petitioner from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). The Fourth Circuit has made it clear that equitable tolling should be "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330.

## II. Discussion

Petitioner was convicted on August 15, 2014 by an Orangeburg County jury of armed robbery and possession of a weapon during the commission of a violent crime and was sentenced to 15 years in prison. Petitioner's conviction was affirmed on direct appeal and no petition for rehearing was sought. Petitioner's direct state appeal was final on April 21, 2017. Petitioner's one-year period to file his federal habeas petition began then to run from April 21, 2017 until he filed his application for state post-conviction relief ("PCR") on November 30, 2017, which then tolled the running of the statute of limitations period. By that time, 223 days of his 365 day statute of limitations period had expired. Petitioner's state PCR application was denied at the state trial and appellate court levels and became final on August 27, 2021. Petitioner then had 142 days remaining on his one-year limitations period, which expired on January 16, 2022. Petitioner failed to file his federal habeas petition until February 4, 2022, 19 days after the expiration of the statute of limitations.[1]

Petitioner does not contest the Magistrate Judge's calculations but argues that the limitations period should be equitably tolled because circumstances outside his control delayed his

---

[1] The Magistrate Judge provided detailed calculations and citations to the state criminal records in calculating the running of Petitioner's one-year statute of limitations period. (Dkt. No. 39 at 6-8). The Court has adopted the R & R in its entirety and finds it unnecessary to provide a more detailed account of the time periods in this Order.

submission of his federal habeas petition. Specifically, Petitioner asserts that he was moved from Kirkland Correctional Institution on August 6, 2021 to Lieber Correctional Institution and then from Lieber Correctional Institution to Goodman Correction Institution on August 30, 2021. (Dkt. No. 41 at 1). Petitioner states that his mail was delayed and some legal papers were misplaced as a result of his movement during this period and circumstances were further complicated by the pandemic.

The record shows that Petitioner filed a grievance with the South Carolina Department of Corrections on September 22, 2021, seeking assistance in locating what he claimed were missing legal documents.[2] Petitioner thus argues that the South Carolina Department of Corrections delayed his preparation of his federal habeas petition by not promptly forwarding his mail and misplacing some of his legal papers. (Dkt. No. 41 at 1-3).

The Magistrate Judge found that by September 8, 2021, Petitioner was aware of the dismissal of his PCR appeal and his pending federal habeas deadline and received correspondence from counsel from the South Carolina Commission on Indigent Defense by September 21, 2021. His federal habeas deadline was still months away, January 16, 2022. In recommending the rejection of Petitioner's request for equitable tolling, the Magistrate Judge explained:

> ". . . Petitioner fails to provide an adequate explanation as to why the resources he had available were not sufficient for him to timely file his petition. Although Petitioner alleges he was missing some legal documents needed to complete his habeas petition, Petitioner does not indicate why the alleged missing documents caused him to delay his habeas filing, nor does Petitioner identify what information he needed from the missing papers. Petitioner also fails to explain what he did during this additional time to assist himself in the preparation of his habeas petition. As such, Petitioner has failed to

---

[2] In responding to Petitioner's grievance on October 5, 2021, the Warden contested Petitioner's claim his legal documents were misplaced. The Warden noted that upon arrival at Goodman Correctional Institution, Petitioner signed an inventory confirming he was in receipt of his legal materials. (Dkt. No. 34-1 at 4).

> demonstrate he acted with due diligence to warrant equitable tolling of the limitations period."

(Dkt. No. 39 at 10).

The Court reviewed all of Petitioner's submissions in an effort to understand precisely what he claimed he needed and when the information arrived that he claimed allowed him to complete the federal habeas petition. At one point, he states that he was delayed one week due to the missing information and further asserted that he lacked the name of the courts and docket numbers he needed to prepare his petition. (Dkt. No. 41 at 2). Petitioner was in possession of his federal habeas petition form by September 21, 2022, and that form indicated that the dates and docket numbers of his case were required only "if you know." (*Id*.; Dkt. No. 1 at 1, 2, 3, 6, 8, 9). The bottom line is that Petitioner has failed to carry his burden of demonstrating that matters outside his control prevented him from filing his federal habeas petition by January 16, 2022. He was able to submit the petition 19 days later, and there has been no showing that he received information essential to completing the federal habeas petition only after the passing of the one-year statutory deadline.

### III.    Conclusion

As forth above, the Court **ADOPTS** the R&R (Dkt. No. 39) as the Order of Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 28) and **DENIES** the Petition.

### Certificate of Appealability

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition

not covered by [28 U.S.C. § 2254].") A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is **DENIED**.

    **AND IT IS SO ORDERED**.

                                                     s/ Richard Mark Gergel
                                                     Richard Mark Gergel
                                                     United States District Judge

January 11, 2023
Charleston, South Carolina